# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO. 6:10-cr-00053-LED-JDL |
| | § | |
| JOHNNY DOUGLAS CAMPBELL | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 18, 2014 the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth R. Hawk.

On October 26, 2010 Defendant was sentenced before Chief U.S. District Judge Leonard Davis after pleading guilty to the offense of Possession of a list I Chemical With Intent to Distribute, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years. The United States Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months. Defendant was sentenced to 41 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include: The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. On August 23, 2013 Johnny Douglas Campbell completed his period of imprisonment and began service of the supervision term.

On April 4, 2014 Defendant's supervised release conditions were modified to include participation in a program of psychiatric and mental health services under the guidance and

direction of the U.S. Probation Office and compliance with any medication requirements as prescribed by the treatment provider.

In pertinent part, under the terms of supervised release, Defendant was to refrain from any unlawful use of a controlled substance. The Defendant was required to submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. In its petition, the government alleges that Defendant violated the term of supervised release when he submitted a urine sample on March 9, 2014 that tested positive for methamphetamine. Defendant signed a written admission to using methamphetamine on March 7, 2014. The government further alleges that Defendant violated the term of supervised release on April 2, 2014. When Defendant was asked to provide a urine specimen he admitted that the sample would be positive for methamphetamine. Defendant was unable to provide a urine specimen. In lieu of submitting a urine specimen Defendant signed a written admission that he used methamphetamine on April 1, 2014.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code §481.115 and be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the Court shall revoke a term of supervision. Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the August 18, 2014 hearing, Defendant pled true to the allegations above. The government recommended that Defendant Johnny Douglas Campbell be committed to the

custody of the Bureau of Prisons for 8 months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Johnny Douglas Campbell be committed to the custody of the Bureau of Prisons for 8 months imprisonment with no supervised release to follow. The Court also **RECOMMENDS** that the place of confinement be Forrest City, Arkansas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 19th day of August, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE